**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID ALAN BUTLER,

     Petitioner,                         Case Number 2:09-CV-10898
                                             HONORABLE NANCY G. EDMUNDS
v.                                       UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

     Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

     David Alan Butler, ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for armed robbery.  Petitioner has now filed a motion to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to properly exhaust several of the claims that are included in the current petition, as well as to possibly exhaust an additional claim.  For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed without prejudice.  The Court will also administratively close the case.

1

## I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Macomb County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Butler,* No. 253181 (Mich.Ct.App. April 14, 2005); *lv. den.* 474 Mich. 873; 703 N.W.2d 810 (2005).

Petitioner then filed a post-conviction motion relief for judgment, which petitioner claims was denied because it exceeded the page limitations for filing such a motion. *People v. Butler,* No. 02-3704-FC(Macomb County Circuit Court, December 26, 2006).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Butler,* No. 283134(Mich.Ct.App. May 1, 2008); *lv. den.* No. 136498 (Mich.Ct.App. October 27, 2008); *reconsideration den.* 760 N.W. 2d 491 (2009).

On March 3, 2009, petitioner filed an application for habeas relief with this Court, in which he seeks relief on eight different claims. [1]  Petitioner has now filed a motion hold the habeas petition in abeyance so that he can return to the Macomb County Circuit Court to properly exhaust several of the claims in a second motion for relief from judgment.  Although unclear, it appears that petitioner may also be attempting to raise an actual innocence claim in his second motion for relief from judgment.

---

[1]   Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on March 3, 2009, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

2

## II. Discussion

Petitioner has asked this Court to hold his petition in abeyance so that he can attempt to properly exhaust several of the claims in his petition that he attempted to raise in his first post-conviction motion, but which he claims were rejected because his first motion exceeded the page limits for filing such a motion.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

In this case, the trial court may have rejected petitioner's post-conviction motion because it exceeded the twenty page limit set forth for motions in M.C.R. 2.119(A)(2). The relevant portion of M.C.R. 2.119(A)(2) indicates that "[E]xcept as permitted by the court, the combined length of any motion and brief, or of a response and brief, may not exceed 20 pages double spaced, exclusive of

3

attachments and exhibits.  Quotations and footnotes may be single-spaced." *See Taylor v. Howes,* 26 Fed. Appx. 397, 398 (6th Cir. 2001).  The twenty page limitation set forth for motions in M.C.R. 2.119(A)(2) is applicable to post-conviction motions filed pursuant to M.C.R. 6.500, *et. seq. See People v. Collier,* 2005 WL 1106501, *2 (Mich.Ct. App. May 10, 2005); *See also Bradford v. Wolfenbarger,* 2006 WL 508630, *10 (E.D. Mich. February 28, 2006).

In presenting his claims to the state courts, as required to exhaust state-court remedies prior to raising claims in a petition for federal habeas relief, a habeas petitioner must comply with the state procedural rules. *See Powell v. Lambert,* 357 F. 3d 871, 874 (9th Cir. 2004).  A state court's page limits on briefs, motions, or pleadings does not excuse a habeas petitioner from presenting his or her claims to the state courts, because page limitations merely limit the manner in which a habeas petitioner can present his arguments to the state courts, but do not wholly prevent a habeas petitioner from presenting the claims. *See Seymour v. Walker,* 224 F. 3d 542, 551 (6th Cir. 2000).  Because petitioner's post-conviction motion may have been rejected because it was not filed in conformity with M.C.R. 2.119, several of petitioner's claims appear to be unexhausted.

A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000).  Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a

4

federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F. 3d at 423.  Moreover, with the AEDPA, Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424.

In addition, although it is unclear from his motion, petitioner may be attempting to raise a new claim of actual innocence that was not previously raised in his first post-conviction motion.  Petitioner is required to present his actual innocence claim to the state courts before a federal court can consider such a claim on habeas review. *See e.g. Howard v. Wolfe,* 199 Fed. Appx. 529, 532 (6th Cir. 2006); *Cammuse v. Morgan,* 105 Fed. Appx. 667, 669 (6th Cir. 2004).  Even if petitioner's other claims were properly exhausted, this Court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of additional claims in the state courts. *See Moritz v. Lafler,* No. 2008 WL 783751 (E.D. Mich. March 19, 2008)(citing *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998)).

The Court is aware that petitioner has already filed one post-conviction motion in the Michigan courts.  Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 Fed. Appx. 414, 418 (6th Cir.

2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999)(citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)).  However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 Fed. Appx. at 418; *Hudson,* 68 F. Supp. 2d at 800-01.  It is unclear whether petitioner is alleging in his motion that he has newly discovered evidence of his actual innocence.  Because there is some likelihood that the Michigan courts might permit petitioner to file a second post-conviction motion for relief from judgment pursuant to the newly discovered evidence exception contained in M.C.R. 6.502(G)(2), a procedural bar to petitioner filing such a second motion is not clearly applicable, therefore, this Court should grant petitioner a stay of proceedings to permit him to return to the state courts to attempt to exhaust this claim. *See Banks,* 149 Fed. Appx. at 419-20.

Moreover, it is also unclear whether petitioner's first motion was adjudicated on the merits, in light of the trial court's rejection of the motion because it did not conform with the page limitations found in M.C.R. 2.119. Therefore, it is possible that the Michigan courts may entertain petitioner's motion for relief from judgment. *See e.g. Jackson v. Lafler,* No. 2008 WL 1808822, * 2 (W.D. Mich.April 21, 2008)(M.C.R. 6.502(G) did not preclude petitioner from filing post-conviction motion when his earlier motion for relief from judgment was

6

denied without prejudice); *Rushing v. Booker,* No. 2005 WL 1529623, * 3 and n. 5
(E.D. Mich. June 28, 2005)(suggesting that petitioner could file another motion for
relief from judgment, when petitioner's first motion was dismissed without
prejudice and he had not been given an opportunity, pursuant to M.C.R. 6.502(F),
to amend or supplement the first motion).

The Court will grant petitioner's motion to hold the petition in abeyance
while he returns to the state courts to attempt to properly exhaust his claims.  In
this case, the outright dismissal of the petition, albeit without prejudice, might
result in preclusion of consideration of the petitioner's claims in this Court due to
the expiration of the one year statute of limitations contained in the Antiterrorism
and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1).  A
common circumstance calling for abating a habeas petition arises when the
original petition was timely filed, as was the case here, but a second, exhausted
habeas petition would be time barred by the AEDPA's statute of limitations. *See
Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).  The U.S. Supreme
Court, in fact, has suggested that a habeas petitioner who is concerned about the
possible effects of his state post-conviction filings on the AEDPA's statute of
limitations could file a "protective" petition in federal court, as petitioner has
apparently done here, and then ask for the petition to be held in abeyance
pending the exhaustion of state post-conviction remedies. *See Pace v.
DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269

7

(2005)).

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner states that these claims were not presented as federal constitutional claims in the state courts on direct appeal because his appellate attorney was ineffective.  On remand from the United States Supreme Court, the federal district court in *Rhines* held that the ineffective assistance of post-conviction counsel constituted "good cause" for a habeas petitioner's failure to exhaust the claims in the state court proceedings, so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust the claims. *Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005).  This Court has previously found that an appellate attorney's alleged ineffectiveness constituted "good cause" to justify holding a habeas petition in abeyance pending the petitioner's return to the state courts. See *Wright v. Trombley*, No. 2007 WL 4181316, *2-3 (E.D.Mich. November 27, 2007)(Edmunds,J.).  A number of other judges in this district have likewise found that an appellate attorney's alleged ineffectiveness constituted "good cause" to justify holding a habeas petition in abeyance pending the petitioner's return to the state courts. *See Taylor v. Prelesnik,* No. 2008 WL 3853300, * 3 (E.D. Mich. August 18, 2008)(Duggan, J.)*;*

8

*Lanton v. Lafler,* No. 2007 WL 2780552, * 2 (E.D. Mich. September 24, 2007)(Steeh, J.); *Hayes v. Prelesnik,* No. 2007 WL 1834749, * 1 (E.D. Mich. June 25, 2007)(Ludington, J.); *Szymanski v. Renico*, No. 2007 WL 1760878, * 2 (E.D. Mich. June 15, 2007)(Lawson, J.); *Chambers v. White,* 2006 WL 276738, * 3 (E.D. Mich. February 2, 2006)(Cohn, J.)*; Boyd v. Jones,* 2005 WL 2656639, * 4 (E.D. Mich. October 14, 2005)(Roberts, J.).  In addition, petitioner's claims do not appear plainly meritless.  Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."*Rhines*, 544 U.S. at 278.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.  To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts.  This tolling is conditioned upon petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of  state court post-conviction remedies. *Hargrove,* 300 F. 3d at 721*; See also Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

9

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004).  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Petitioner is, in fact, required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.  ORDER

It is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.**  If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  The case will then be held

10

in abeyance pending the petitioner's exhaustion of the claims.  Petitioner shall re-file a habeas petition within **sixty (60) days after the conclusion of the state court post-conviction proceedings**.  Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  April 14, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 14, 2009, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager